MYRIAM URQUIZA vs. MAX DENNIS.

Suffolk.    December 4, 1961. — March 29, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER,
KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Auditor: findings, striking matter from report. *Damages,*
For personal injuries.

Upon report by a judge in an action for personal injuries of his striking
from an auditor's report, before trial, a finding as to the amount of the
plaintiff's damages, contentions of the defendant, that the finding was
objectionable in that the auditor "considered future possibilities [of
pain and suffering] for which there was no basis in the evidence" and
that the finding was based on speculation or conjecture, were without
merit in the absence of the evidence heard by the auditor.    [22]

The amount of damages found by an auditor in an action for personal
injuries could not be deemed excessive as matter of law in view of all
the findings of the auditor, and the finding as to the amount should be
restored to his report after being struck out before trial as "uncon-
scionably large."    [23–24]

TORT.    Writ in the Superior Court dated March 31, 1959.
The propriety of action by *Morton,* J., striking para-
graphs 33 and 38 from the report of an auditor was
reported.

*Abner R. Sisson,* (*Stanley M. Epstein* with him,) for the
plaintiff.

*John H. King,* for the defendant.

WILKINS, C.J.    This action of tort by a pedestrian, who
was hurt on January 7, 1959, when struck by the defendant's
sedan, is here upon report of various interlocutory rulings
made by a judge of the Superior Court.    G. L. (Ter. Ed.)
c. 231, § 111.    The case was heard by an auditor, whose
findings of fact were not to be final.    After he filed a re-
port, the defendant filed two motions: one to strike certain
portions, and the other to discharge the report.    A judge
sitting before trial allowed the motion to strike as to two[1]

---

[1] Two other sentences were struck with the consent of the plaintiff and are
not considered.

paragraphs and otherwise denied it. He denied the motion to discharge. The defendant excepted to the partial denial of the first motion and to the denial of the second. The plaintiff excepted to the partial allowance of the first motion and to the denial of a motion of her own to recommit.

The paragraphs of the report which were struck were the following: "33. I find that $20,000 would be fair and reasonable compensation to the plaintiff for the pain and suffering she has already sustained and hereafter may or will sustain, and for whatever impairment of her earning capacity and medical expenses she may or will sustain and incur in the future, as a result of her said injuries." "38. I find for the plaintiff in the sum of $21,174.38."

The motion to strike paragraph 33 was: "For the reason that the damages awarded are grossly excessive and show on their face that the auditor took into consideration a basis which is contrary to the law in that he expressly indicated that his award of damages was based in part at least on the pain and suffering that the plaintiff 'hereafter may or will sustain' thus indicating that he considered future possibilities for which there was no basis in the evidence." The motion to strike paragraph 38 was "for the reason that the finding is grossly excessive and based upon conclusions of law that are not warranted on the subsidiary facts found."

In his report the judge stated: "I find that the amount found by the auditor as damages for the plaintiff was unconscionably large. . . . It seems to me that the finding would influence the jury in some way so that the verdict returned by them would not represent their own judgment."

Paragraph 33 is not open to one of the objections stated in the defendant's motion to strike. As the evidence is not before us, it cannot soundly be argued that the auditor "considered future possibilities for which there was no basis in the evidence," or that his findings were based on speculation or conjecture. It seems to us that in this respect *Cross* v. *Sharaffa,* 281 Mass. 329, is authority against, and not for, the defendant.

General Laws (Ter. Ed.) c. 221, § 56, contains this sen-

tence: "The auditor's findings of fact shall be prima facie evidence upon such matters only as are embraced in the order; but the court at the trial shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence."[1] This sentence originated in substantially this identical form in St. 1914, c. 576, § 2. The reason for the phrase, "the court at the trial," undoubtedly was to eliminate a practice of long standing that, as matter of right, a party could not wait until the trial and then for the first time attack findings as based upon incompetent evidence. *Kendall* v. *May,* 10 Allen, 59, 65. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 331–332. *Briggs* v. *Gilman,* 127 Mass. 530, 531. *Collins* v. *Wickwire,* 162 Mass. 143, 145–146. *Winthrop* v. *Soule,* 175 Mass. 400, 404. *Jean* v. *Cawley,* 218 Mass. 271, 275. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518, 522. The statute, apparently out of excess of caution, also specifies, as subject to exclusion at the trial, findings appearing from the report to be based upon an erroneous opinion of law. Such objections always could be taken at the trial. *Briggs* v. *Gilman,* 127 Mass. 530, 531. *Collins* v. *Wickwire,* 162 Mass. 143, 146. *Sullivan* v. *Arcand,* 165 Mass. 364, 367. *Picard* v. *Beers,* 195 Mass. 419, 427. *Zembler* v. *Fitzgerald,* 234 Mass. 236, 247. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518, 522.

In *Shine* v. *Campanella & Cardi Constr. Co.* 342 Mass. 150, 151, it was held that the express reference to the powers of "the court at the trial" did not prevent action by the court before trial in striking improperly reported evidence or confusing or contradictory findings. No intimation was intended, nor we think made, that the powers of a judge are greater before trial than at the trial. Nor do the requirements of the case at bar call for such an intimation of comparative powers.

The judge in the case at bar ruled that the amount of damages was excessive, or in his words, "unconscionably

---

[1] In St. 1914, c. 576, § 2, the final phrase read, "or upon evidence which is inadmissible."

large." Undoubtedly damages may be excessive as matter of law. *Bartley* v. *Phillips*, 317 Mass. 35, 41–42.. *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172, 174. But whether the damages awarded by the auditor were excessive as matter of law must be determined from his other findings. Viewing the findings, which we need not recount, a majority of this court are unable to reach the conclusion that the amount was thus excessive.

The dictum in *Jones* v. *Stevens*, 5 Met. 373, 377, relied upon by the defendant, is not authority that a judge has untrammeled discretion to strike findings, but was intended, we think, to refer to the power of a judge in dealing with a report containing "partial errors" to delete the erroneous parts.

In accordance with the terms of the judge's report, paragraphs 33 and 38 shall be restored to the auditor's report. The plaintiff's motion to recommit is waived.

*So ordered.*