PETER M. SYKES *vs.* BLUE HILL GIRL SCOUT COUNCIL, INC. & others.[1] March 7, 1980. The respondents, other than the town of Brewster, appeal from a supplemental decision of a judge of the Land Court which, on the basis of a stipulation entered into at trial between the town of Brewster and Sykes, held that there was no controversy between the town and Sykes as to the width of the easement claimed by Sykes, and that, as to land owned by the town, Sykes was not limited to the existing travelled way.

The stipulation in its entirety reads as follows: "Now come the parties hereto and stipulate that the Petitioner may have his decree of registration as prayed for subject to the stipulation that Crosby Neck Way in the

---

[1] George Herrmann, Kathleen Mogul, Louis Mogul, Ruth Y. Hsiao and William C. Hsiao, and the town of Brewster.

above-entitled registration proceeding is in its entirety a way as shown on the plan filed with this honorable Court to which the public has a right of access."

The respondents challenge the authority of town counsel to have entered into the stipulation. However, since the respondents did not raise the issue of town counsel's authority at trial, they are now foreclosed from raising that issue on appeal. *Regina Grape Products Co.* v. *Supreme Wine Co.*, 357 Mass. 631, 632 (1970).

We reject the respondents' claim that they raised the issue by requesting a finding of fact that Sykes had no rights beyond the existing travelled way and by seeking a ruling of law, which was in fact granted, that a town may not convey an easement without the authority of town meeting. The request for the finding of fact at best challenged the factual contents of the stipulation, i.e., that the road as shown on the plan filed by Sykes represented its dimensions and was a way to which the public had a right of access. The request in no way challenged the right of the town to enter into the stipulation, nor asked the court to set it aside.

Similarly, the respondents' request for a ruling of law was not equivalent to the argument now made. The statutory requirements relating to the grant of an easement bear no relation to the question whether a town may agree in court that no issue exists as to the location or width of a right of way, see *Brocklesby* v. *Newton*, 294 Mass. 41, 42-43 (1936), or whether a town may stipulate in a court proceeding that certain defenses are not available to it. See *Quincy* v. *Brooks-Skinner, Inc.*, 325 Mass. 406, 410, 412-416 (1950). A request for a ruling of law preserves for appeal only the question specifically addressed by the request. *Chem-Lac Products, Inc.* v. *Gerome*, 327 Mass. 394, 395 (1951). Nolan, Civil Practice § 731 (1975). In addition, even after trial, when counsel for the petitioner specifically requested the trial judge to clarify his original decision so as to spell out the effect of the town's stipulation on the portion of the way lying on land of the town, the respondents did not object or even reply to the petitioner's request. Since the respondents' requests did not raise at trial or prior to the supplemental decision the questions they now argue, they cannot raise them here.

Deciding as we do, we need not reach the question whether the respondents have standing to object to a stipulation which the town does not repudiate.

*Decision affirmed.*

*George M. Dallas* for the Blue Hill Girl Scout Council, Inc. & others.
*J. Owen Todd (Jane D. Kaplan* with him) for the petitioner.
*Duane P. Landreth,* Assistant Town Counsel, for the town of Brewster.