Ruma, J.
This is an action in contract which was commenced in the Middlesex Superior Court and transferred to the Malden Division of the District Court Department for trial. The plaintiff sought breach of contract and G.L. c.175, §113 O damages .for the defendant-insurer’s unreasonable failure to satisfy the plaintiffs claim for the total loss of her stolen motor vehicle pursuant to the comprehensive coverage provision of the parties’ motor vehicle insurance policy.
At the close of trial, the defendant filed six requests for rulings of law predicated exclusively on allegations that the plaintiff had breached the parties’ insurance contract by failing to cooperate with the defendant, by misrepresenting the circumstances surrounding the theft of her vehicle and by pursuing her insurance claim in bad faith. The trial court rejected the facts assumed in the defendant’s requested rulings, and found instead that the defendant was “responsible and should have paid the claim.” The court awarded statutory double damages in the amount of $19,000.00 and attorneys’ fees to the plaintiff.
The defendant thereafter filed a “Motion to Review and Revoke Finding of the Court” which asserted that the trial court had incorrectly calculated and assessed the amount of G.L. c. 175, § 113 O punitive damages recoverable by the plaintiff. The plaintiff filed motions for the assessment of attorneys’ fees and for the allowance of prejudgment interest. After hearing, the trial court denied the plaintiffs motion for prejudgment interest, and assessed attorneys’fees in the amount of $7,412.50. The trial court also denied the defendant’s motion to “revise and revoke.”
1. The only issue posed by the defendant for appellate review is one of damages. The defendant contends both that the $19,000.00 sum awarded to *183 the plaintiff as G.L. c.175, §113 O double damages was incorrectly calculated by the trial court and that the $7,412.50 amount assessed as attorneys’ fees is excessive as a matter of law. Appellate consideration of such issues is, however, circumscribed by the defendant’s failure to raise such issues properly in the.trial court and preserve them for review. Morad v. Ramos, 330 Mass. 560, 563 (1953); Schulkin v. Shulkin, 301 Mass. 184, 192 (1938); Patch v. Cashman, 244 Mass. 378, 380 (1923).
It is an elementary tenet of district court practice that the only method of raising issues of law in the trial court and of securing appellate review of such issues is by filing Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings. Thorsen v. LeTendre, 1983 Mass. App. Div. 191, 193. The arguments now advanced by the defendant as to the correct method of calculating G.L. c.l 75, §1130 punitive damages should have been the subject of a specific request for ruling of law on the measure of statutory damages to be utilized by the court in the event of a finding for the plaintiff. Gilman v. Brown, 45 Mass. App. Dec. 184, 186-187 (1970); Weiss v. Magaw, 39 Mass. App. Dec. 48, 54 (1967). The six requests for ruling of law actually submitted by the defendant were limited to allegations that the plaintiff had breached the parties’ insurance contract. Such requests were thus restricted to questions of the defendant’s liability, and cannot be deemed to have addressed to the trial justice any proposition of law relative to damages, or to have preserved a question of damages for appellate review. Sykes v. Blue Hill Girl Scout Council, Inc., 9 Mass. App. Ct. 861, 862 (1980).
Having failed to file relevant requests for rulings, the defendant was not entitled to raise issues of damages for the first time by means of a postjudgment motion to “review and revoke the court’s findings.”[1] It is settled that a question of law which could have been raised at trial cannot be raised as of right on a postjudgment motion. Bernard J. Basch & Sons v. Travelers’ Indemnity Co., 392 Mass. 1002, 1003 (1984); The Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 154 (1956). Therefore, the denial of the defendant’s motion to “revise and revoke” presents for our consideration only a question of a possible abuse of discretion by the trial justice in refusing to recalculate his original assessment of statutory damages for the plaintiff. Murphy v. English, 1985 Mass. App. Div. 93, 94; Haller v. E.A. Spry & Co., 45 Mass. App. Dec. 23, 35-36 (1970).
2. Despite the defendant’s arguments, no determination of an abuse of discretion in the trial court’s denial of the defendant’s motion to “revise and revoke” can be made on the basis of the report before this Court.
The relevant provision for statutory damages in G.L. c.l 75, §113 O states:
In any case where the insurer fails to make payment within seven days of receipt of the above claim form, the insured may commence a civil action for payments claimed to be due. If the court determines that the insurer was unreasonable in refusing to pay said insured’s claim, the claimant shall be entitled to recover double the amount of damage plus costs and reasonable attorney fees fixed by the court.
The relief afforded by this section is clear. In the event of an insurer’s failure to make a timely payment of an insured’s claim for a motor vehicle loss due to fire or theft, the insured may initiate a legal action to recover the actual amount of insurance proceeds due under the comprehensive coverage section of the parties’ insurance policy. The statute also grants the insured a right to recover *184 double damages in the event that the insurer’s refusal to satisfy the claim was unreasonable.
The defendant’s allegation of error in the court’s computation of $19,000.00 in double damages is predicated on an assumption that the court improperly doubled the value of the plaintiffs vehicle instead of correctly doubling the sum of only those damages attributable to the defendant’s unreasonable refusal to satisfy the plaintiffs claim. The defendant argues that the value of the plaintiffs motor vehicle constituted only the amount of the single, insurance contract recovery permitted by the statute of “payments claimed to be due.” Relying on Wallace v. American Manufacturers Mutual Insurance Co., 22 Mass. App. Ct. 938 (1986), the defendant contends that any additional, punitive award under the statute should have been calculated as double the amount of only those damages which were directly caused by, or actually flowed from, ithe insurer’s unreasonableness in failing to pay the insured’s claim. See also, as to G.L. c.93A, §9 damages, Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372-373 (1988); DiMarzo v. American Mutual Ins. Co., 389 Mass. 85, 101-102 (1983); Antonelli v. Delta Air Lines Co., 1986 Mass. App. Div. 75, 80. Compare, for damages pursuant to G.L. c.186, §15B, Mellor v. Berman, 390 Mass. 275, 279-280 (1983). As the actual loss of the plaintiffs vehicle obviously did not result from the defendant’s unreasonable failure to pay the plaintiffs subsequent claim, the dollar value of such vehicle should not have been utilized as the measure of a punitive damages award herein.
The flaw in the defendant’s argument is its assumed premise that the trial court actually utilized the dollar value of the plaintiffs vehicle to calculate the amount of punitive damages recoverable by the plaintiff. There is no indication in the report sub judice that the $19,000.00 sum in question resulted from an impermissible doubling of the value of the plaintiffs car. The value of the plaintiffs vehicle is, in fact, nowhere disclosed in the report The defendant’s unsubstantiated assertion in its written brief that the vehicle was worth $9,500.00 does not constitute evidence which maybe considered in any way by this Division. Household Finance Corp. v. Vogel, 362 Mass. 885, 885-886 (1972); Neisser v. Schmidt, 54 Mass. App. Dec. 1, 7 (1974). Our inquiry is necessarily limited to the report before us; and the only reference in such report to a dollar figure is the statement that the plaintiffs complaint sought damages in the amount of $10,700.00. An exercise in simple arithmetic establishes that the trial court did not improperly double this figure to arrive at a $19,000.00 punitive damages award.
Further evidence is not contained in the report, an omission which is undoubtedly the consequence of the defendant’s failure to raise this damages issue in the trial court and effectively preserve it for appeal. It is the appellant’s burden to demonstrate the existence of error, M.S. Kelliher Co. v. Wakefield, 346 Mass. 645, 647 (1964); Ginsburg v. Gross, 334 Mass. 709 (1956), and to insure that all evidence relevant to the alleged error is presented to an appellate court. Sarkesian v. Cedric Chase Photog. Lab. Inc., 324 Mass. 620, 623 (1949); Reynolds Alum. Bldg. Products Co. v. Leonard, 1984 Mass. App. Div. 206, 209. The defendant failed to satisfy this burden, and cannot now ask this Division to predicate a finding of an abuse of judicial discretion on little more than speculation as to the basis of trial court action. In the absence of both reported evidence on the question of statutory damages and subsidiary findings by the trial justice, no permissible basis exists for any conclusive evaluation of the defendant’s allegation of error. Urquiza v. Dennis, 344 Mass. 21, 22 (1962); Papale v. Westboro Country Club, Inc., 2 Mass. App. Ct. 313, 316 *185 (1974); Massey v. Cloutier, 26 Mass. App. Ct. 1003, 1004 (1988). On the basis of the report before us, the denial of the defendant’s motion to revise and revoke does not constitute an abuse of discretion.
3. The defendant’s efforts on this appeal to challenge the trial court’s assessment of attorneys’ fees are equally unavailing. “The determination of that amount which constitutes a reasonable [attorneys’] fee is ... ‘preeminently a question of fact,’ ” Weinstein v. Steigman, 1983 Mass. App. Div. 288, 289 and cases cited, and thus beyond the ordinary scope of appellate review. Our analysis is again necessarily confined to a consideration of whether the court’s assessment of attorneys’ fees constituted an abuse of the broad discretion accorded to a trial justice in this area. Kennedy v. Kennedy, 23. Mass. App. Ct. 176, 179 (1986); Dougherty v. Fossarelli, 1984 Mass. App. Div. 28, 30.
It is clear that the trial justice considered those factors relevant to a calculation of reasonable attorneys’ fees herein, including the time spent by counsel and applicable hourly rates, Olmstead v. Murphy, 21 Mass. App. Ct. 664, 665 (1986); and the amount of the plaintiffs principal recovery. Bertassi v. Allstate Ins. Co., 402 Mass. at 373.[2] An assessment hearing was conducted by the court, and plaintiffs counsel submitted an extensive affidavit detailing his professional experience and expertise; his customary hourly rate; and the time expended and services performed for his client in the prosecution of this case. Such evidence sufficiently substantiates the reasonableness of the trial court’s award of $7,412.50 in attorneys’ fees to the plaintiff in this action.
Report dismissed.

 A motion to “revise and revoke" is inappropriate in district court civil proceedings. The defendant’s motion most closely resembles either a motion to alter or amend findings or a motion for a new trial, Dist./Mun. Cts. R. Civ. P., Rules 52(b) and 59, and has been treated as such.

 Other pertinent factors include “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). See also, Cummings v. National Shawmut Bank, 284 Mass. 563, 564 (1933).