Dolan, J.
This action was brought by a property owner against a contractor for breach of contract and for G.L.c.93A damages. The contractor counterclaimed for breach of contract. The court found for the plaintiff on her c.93 A claim and awarded double damages as well as attorney's fees. The court found for the property owner on the counterclaim. Defendant’s appeal is primarily directed to the issue of damages and the applicability of a c.93A claim to the facts of this case.[2]
On February 27,1984, plaintiff, a sixty-eight year old widowed retiree, entered into a contract with defendant to remodel some commercial real estate so that it could be used for both commercial and residential purposes. The contract price was $13,725, of which $6,000 was paid by plaintiff as a down payment. The court found that the contract price was “a low ball” price designed by defendant to induce plaintiff to enter the contract. It was an inadequate amount to do the requested work in a competent, workmanlike manner and would require additional sums to be spent later for the “extras” necessary to finish the job and render the premises habitable.
Defendant began work on March 1, 1984, but left the job shortly thereafter without completing the work. Defendant had represented to plaintiff that “the work would be complete and all workers would be off the premises in no time.” At the time of the representation, the court found that he had no intention of completing the work in timely fashion because he had other, more lucrative work to begin in several weeks. The work done by defendant was not done in a workmanlike manner and the premises were uninhabitable. On August6,1984, pursuant to C.93A, plaintiff made a written demand for a refund of the $6,000 deposit. On September 4,1984, defendant refused to refund the deposit, but offered to complete the work. Plaintiff rejected this offer. The court found that defendant’s offer of settlement was not reasonable. It was no more than what he had agreed to do before he stopped work and totally ignored plaintiff’s complaints.
Unfair or deceptive acts or practices in the conduct of any trade or commerce are *202 unlawful under the provision of c. 93A, Sec. 2. To determine what constitutes an unfair or deceptive act or practice, the circumstances of each case must be reviewed. A misrepresentation may be the basis of a C.93A claim. Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). Low-balling in the course of commercial dealings may also constitute a violation. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 825 (1982). The court determined that in the circumstances of this case, defendant’s misrepresentation with respect to the timing of the work and his low-ball estimate of price were wilful and knowing violations of C.93A. We find no error in the determination that these were wilful and knowing unfair or deceptive acts or practices.
Wilful and knowing violations of c.93A provide for damages of not less than two times the amount of the damages caused by the unfair act or practice. Antonelli v. Delta Air Lines, Inc., 1986 Mass. App. Div. 75, 80 (1986). Because the violations were wilful and knowing, the court awarded double damages. In assessing damages for the work not complete, the court applied the usual measure of damage. The reasonable cost of completing the contract and repairing the defendant’s defective performance was determined and the unpaid contract price was deducted from this amount. DiMare v. Capaldi, 336 Mass. 497, 502 (1957). This was found to be $11,095. The court determined that all damages were caused by the c.93A violations and doubled this portion of the award to $22,190. Because all damages were caused by the low-ball estimate and by the misrepresentation, we find no error in awarding double damages for the entire amount required to complete the work.
The court also awarded double damages for loss of use of her property. The plaintiff was entitled to the seasonable use of her property, whether she intended to occupy it herself or rent it. She is entitled to compensation in either case, and the fair rental value can be considered in measuring the damages. Morgan-National Woodworking Co., Inc. v. Cline, 324 Mass. 15, 17 (1949). The court found that her damages for loss of use were in the monthly amount of $500, and doubled the damages to $1,000 per month. We find no error in doubling these damages as they are caused by the violations of c.93A.
The court awarded damages for loss of use to the date of trial because by that date the construction work was still not complete. We reduce the period of loss of use. Aproperty owner must make reasonable efforts to prevent a loss and cannot recover for loss of use for a period longer than is reasonably necessary to repair the property. 22 Am. Jur. 2d, Damages Sec. 548 (1988). He cannot lie idly by and expect to recover all losses which such inaction may entail as damages for breach of contract. Hall v. Paine, 224 Mass. 62, 65 (1916). Although there are some circumstances where a defendant’s conduct relieves a plaintiff of the obligation to mitigate damages, a plaintiff cannot refuse a defendant’s offer to complete a contract while at the same time, claim damages because the defendant is not completing the contract work. In this case, defendant responded to plaintiffs written demand for relief by offering to complete the work. Plaintiff refused to allow him to complete the work. While that offer may not relieve defendant from those damages caused by his c. 93A violations, it does prevent plaintiff from claiming damages for loss of use beyond the period when the contract could have been reasonably completed.
The absence of a specific demand for loss of use damages in plaintiff s complaint does not preclude the award of loss of use damages. Ageneral allegation of damages is sufficient to enable a plaintiff to recover all damages which are the natural or necessary consequences of the cause of action so stated. Antokol v. Barber, 248 Mass. 393, 395 (1924). Loss of use damages are the necessary consequence of the misrepresentation in this action.
From the report in this case, we determine that plaintiff is entitled to damages *203 for loss of use for a six month period, and reduce damages for loss of use to $6,000. The court’s finding of damages is reduced to $28,190. Attorney’s fees of $10,000., costs and interest are to be added.There is no error in the court’s denial of a motion for new trial or for entry of amended finding.
So ordered.

 Defendant’s twelve requests for rulings of law were primarily requests for findings of fact or requests for rulings of law based on facts not found by the court. They need not be separately discussed. Issues in this appeal are partially based on voluntary findings of fact and rulings of law. MacKenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165, 166.