MICHAEL GREELISH vs. JOHN DREW, trustee,[1] & another.[2]

No. 92-P-768.

Middlesex. September 20, 1993. - November 23, 1993.

Present: PERRETTA. KASS. & PORADA. JJ.

Consumer Protection Act, Damages, Interest, Retroactivity. Statute, Amendment, Retroactive effect. Interest.

In a civil action, the judge correctly ruled that the amendment to G. L. c. 93A, § 11, inserted by St. 1989, c. 580, § 2, did not apply to the plaintiff's claims, which were pending at the time the amendment was enacted, inasmuch as the amendment affected the measure of the defendant's liability beyond the foreseeable consequences of his acts. [543-545]

In a civil action in which the plaintiff received interest earned on a sum in an escrow account as part of his damages under a breach of contract claim, that amount was properly deducted from the amount of single damages the plaintiff was awarded on his G. L. c. 93A claim. [545]

CIVIL ACTION commenced in the Superior Court Department on September 25, 1984.

A claim for breach of contract was tried before *Joseph S. Mitchell, Jr.*, J. A claim alleging violation of G. L. c. 93A, the Consumer Protection Act, was referred by *Mitchell*, J., to a master and was heard by *James F. McHugh*, J., on the master's report.

*Anne W. Chisholm* for the plaintiff.

*Anthony E. Kilbridge* for John Drew, trustee.

PORADA, J. The principal issues presented by this appeal are whether the judge erred in ruling (1) that the December 5, 1989, amendment to G. L. c. 93A, § 11, inserted by St. 1989, c. 580; § 2, which added the following provision "[f]or the purposes of this chapter, the amount of actual damages

[1]Of the Boardwalk Realty Trust.

[2]Malcolm Trojano, trustee (escrow agent for the disputed funds).

to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence regardless of the existence or nonexistence of insurance coverage available in payment of the claim,"[3] did not apply to suits pending at the time of its enactment and (2) that the actual damages awarded by a master for the loss of use of money wrongfully withheld in violation of G. L. c. 93A, § 11, must be reduced by the amount of prejudgment interest recovered by the plaintiff on his contract claim based on the same wrong.

We summarize the procedural background. The plaintiff filed suit in the Superior Court against the defendant for breach of contract and for violation of G. L. c. 93A, § 11, based upon the alleged wrongful failure of the defendant to return his deposit of $50,000, which had been held in escrow under a purchase and sale agreement. The judge bifurcated the claims. The jury found for the plaintiff on the contract claim and awarded the plaintiff $50,000. The court entered a separate judgment in the amount of $50,000 together with prejudgment interest of $27,017 against the defendant on the contract claim. On February 9, 1990, the plaintiff was paid the $50,000 plus the then-accrued interest in the escrow account of $22,781.85 on that judgment.

The same judge who bifurcated the claims for trial assigned the c. 93A claim to a master for trial. Before the case was heard by a master, the defendant filed a motion asking the court to rule that the above described amendment to G. L. c. 93A, § 11, did not apply to this claim, which was

---

[3]According to its proponents, the amendment was designed to overrule those cases, *Bertassi* v. *Allstate Ins. Co.*, 402 Mass. 366 (1988), and *Trempe* v. *Allstate Cas. & Sur. Co.*, 20 Mass. App. Ct. 448 (1985), which had excluded the amount available under the policy from the amount multiplied for a wilful and knowing violation of G. L. c. 93A based on a violation of the Unfair Claims Settlement Practices Act, G. L. c. 176D, § 3(9), and to clarify that the actual damages to be doubled and tripled were not just lost interest on the amount the insurer should have paid, but also included the amount of the underlying judgment that a plaintiff was forced to litigate to recover. Hailey, New Incentives for Insurers to Settle Claims Reasonably and Promptly, 34 Boston Bar J. 16-17 (September-October, 1990).

pending at the time of its enactment. The judge ruled that the amendment imposed an additional penalty on litigants and should be given prospective effect only. The c. 93A claim was then tried before the master who determined that the plaintiff was entitled to recover the loss of use of his money for the period from September, 1984, the approximate date of demand, until February 9, 1990, the date of its return, in the sum of $31,055.69. The master also found that this sum should be tripled for the wilful and knowing violation of c. 93A and thus awarded damages in the sum of $93,167.07. Upon the plaintiff's motion for confirmation of the master's report and the defendant's objections to the report, a different judge confirmed the report in all respects except the award of damages. He reduced the master's single damages award of $31,055.69 by the amount of accrued interest in the escrow account in the sum of $22,781.85 which had been paid to the plaintiff on his contract claim. This resulted in a single c. 93A damages award of $8,273.84 and a punitive damages award of $16,547.68. The judge also awarded the plaintiff attorney fees and costs of $41,282. The plaintiff filed this appeal claiming that the amendment to G. L. c. 93A, § 11, should apply to pending claims and that his single damages should not have been reduced by interest accrued on the escrow account.

1. *The 1989 amendment to G. L. c. 93A, § 11.* The plaintiff argues that the amendment did not change the substance of a claim for violation of G. L. c. 93A but merely clarified the remedy available to a litigant under that chapter and, thus, should be construed to be remedial. Absent a legislative directive, remedial statutes — those regulating practice, procedure, and evidence — are commonly treated as operating retroactively to apply to pending claims. *Hanscom v. Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914). *City Council of Waltham v. Vinciullo*, 364 Mass. 624, 626 (1974). It is, however, difficult to determine whether a statute is remedial in nature or affects substantive rights. *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 319 (1993). *Goes v. Feldman*, 8 Mass. App. Ct. 84, 87-89 (1979). In the past,

remedial legislation given retrospective effect in this Commonwealth has encompassed essentially procedural legislation which preserved a remedy that might otherwise be lost or which created a new enforcement mechanism for remedying the impairment of an existing legal right. *Fontaine* v. *Ebtec Corp., supra* at 319 and cases cited therein. In *Fontaine, supra* at 319, the Supreme Judicial Court "recognized that legislation limiting or increasing the measure of liability, while arguably remedial in the broad sense of that word, generally is considered to impair the substantive rights of a party who will be adversely affected by the legislation." See, e.g., *Cudlassi* v. *MacFarland,* 304 Mass. 612, 613 (1939) (amendment eliminating double damages for dog bites not retroactive because plaintiff had a "vested right" in the double recovery at the time he was bitten); *Austin* v. *Boston Univ. Hosp.,* 372 Mass. 654, 657-658 (1977)(statute requiring litigants who do not succeed at the tribunal level in medical malpractice actions to post a bond applied prospectively because, even though statute was largely procedural, forcing litigants to shoulder costs involves an element of substance); *USM Corp.* v. *Marson Fastener Corp.,* 392 Mass. 334, 353 (1984)(declining to give retroactive application to legislation imposing up to double damages for misappropriation of trade secrets); *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.,* 14 Mass. App. Ct. 396, 414 (1982)(amendment to statute regulating auto franchises that redefined the "relevant market area" of a franchisee and deleted a provision permitting multiple damages deemed substantive). There is no question that the amendment to § 11 affects the measure of liability. In this case, the amendment would subject the defendant to significantly increased damages. Instead of the plaintiff's loss being based upon the foreseeable consequences of the defendant's unfair act or practice (the loss of use of money during the period it was wrongfully withheld), his loss would be measured by his contract damages which, if tripled, would far exceed those resulting from lost interest. Therefore, we conclude that, without direction from the Legisla-

ture as to its intent, the amendment should not be applied retroactively. *Fontaine, supra* at 320-321. See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 658 (any uncertainty must be resolved against retroactive application of the statute).

2. *Interest.* The plaintiff protests the second judge's reduction of the master's award of single damages by the interest earned on the escrow account. A master's findings are binding upon the judge and upon this court unless the findings are clearly erroneous, mutually inconsistent, contradictory or vitiated in view of the controlling law. *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973). *John F. Miller Co.* v. *George Fichera Constr. Corp.*, 7 Mass. App. Ct. 494, 495 (1979). We conclude that the judge acted properly in reducing the master's award of single damages as matter of law.

In cases where damages under c. 93A amount to lost interest on money wrongfully withheld, a plaintiff's actual or single damages usually consist of the amount of interest which could have been earned. *Guenard* v. *Burke*, 387 Mass. 802, 810 (1982). *Bertassi* v. *Allstate Ins. Co.*, 402 Mass. 366, 372-374 (1988). However, the same interest cannot be recouped more than once on alternate theories of recovery. *Calimlim* v. *Foreign Car Center, Inc.*, 392 Mass. 228, 235 (1984). *Bertassi, supra* at 373. Here, while the suit was pending, the $50,000 deposit was actually accruing interest in an interest bearing trust account created for the ultimate recipient of those funds. The judge reasoned that, given the account's existence and the interest being earned thereon, the plaintiff's actual damages should be measured by calculating the difference between the amount of interest actually earned and the amount, as determined by the master, that could have been earned had the plaintiff had a choice of where to invest the sums on deposit as determined by the master. Since the plaintiff has already received the interest earned in the escrow account as part of his damages under the contract claim, he cannot now recover that same money again as part of his award under c. 93A. *Bertassi, supra* at 372-373.

*Judgment affirmed.*