McHugh, J.
Plaintiff was seriously injured in a motor vehicle accident with the defendant’s insured. Without bringing suit or otherwise resolving his claim against the insured, plaintiff seeks in this action to recover against defendant for what plaintiff claims was defendant’s unfair failure to pay him the full amount of the policy in the face of what he alleges , is clear liability on the insured’s part and damages well in excess of the policy limits. See G.L.c. 176D, §3(9)(f). The damages plaintiff seeks are the face amount of the policy, trebled plus reasonable attorneys fees. See G.L.c. 93A, §9.
Defendant denies liability. In addition, defendant now has moved for partial summary judgment in two areas. First, defendant maintains, the only single damages plaintiff is entitled to recover under G.L.c. 176D and 93A for any alleged unfair settlement practice on its part Eire limited (A) to damages for the loss of use of any money resulting from the defendant’s failure to pay or (B) to other foreseeable damages that defendant’s alleged failure caused. Those damages, in defendant’s view, are not measured by the amount plaintiff could have recovered had he brought an action against the defendant’s insured. Moreover, under the circumstances of this case, defendant alleges, the amount of damages to be doubled or trebled in the event of a liability finding is the amount awarded for the unfair settlement practice, not the policy amount.
Plaintiff contends that he should not be required to sue the defendant’s insured to recover the policy amount if defendant unfairly and in violation of defendant’s own statutory obligations •withheld that amount from him. Plaintiff contends, therefore that if he is able to prove a violation of G.L.c. 176D, §3(9) (f), the amount of damages to which he would be entitled is the amount defendant should have paid under the policy if defendant had satisfied its statutory obligation, not simply an amount designed to compensate plaintiff for loss of use of that money or for other foreseeable consequences of defendant’s failure.
There can be no doubt that the plaintiff in an action against an insurer has the burden of establishing a causal connection between any violation of c. 176D, §3(9) and a resulting loss. E.g., Massachusetts Farm Bureau Federation, Inc. v. Blue Cross of Massachusetts, Inc., 403 Mass. 722, 730 (1989). Uniformly, Massachusetts appellate courts have limited damages for unfair settlement practices to loss of use of money or other foreseeable consequences of a failure to pay whether the cases before them involved c. 93A alone, e.g., DiMarzo v. American Mutual Insurance Company, 389 Mass. 85, 101-02 (1983); Shapiro v. Public Service Mutual Insurance Company, 19 Mass.App.Ct. 648, 657 *443 (1985), or c. 93A combined with c. 176D. E.g., Wallace v. Manufacturers Ins. Co., 22 Mass.App.Ct. 938, 940 (1986) (rescript). See also, e.g., Schwartz v. Rose, 418 Mass. 41, 47-48 (1994). The general rationale for doing so is that, at least if the insurer has done nothing to preclude the plaintiffs right to sue on the policy or to sue the insurer’s insured, the insurer’s failure to make a prejudgement payment has not caused the plaintiff to lose the amount payable under the policy. See generally Bertassi v. Allstate Insurance Company, 402 Mass. 366, 372-73 (1988).
Neither the text nor any necessary implication flowing from the 1989 amendment to G.L.c. 93A, §9, Stat. 1989, c. 580, changed c. 93A in away that undercut that uniform body of decisional law. The relevant text of the 1989 amendment is as follows:
For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim.
On its face and in context, the amendment’s language was designed to provide a uniform baseline for computing multiple damages, not to prescribe a method for calculating single damages. Cf. Greelish v. Drew, 35 Mass.App.Ct. 541, 545-46 (1993). I am persuaded, therefore, that the 1989 amendment left unaltered the rule with respect to calculation of single damages in effect before the amendment was enacted. See Loftis v. Liberty Mutual Ins. Co., 4 Mass. L. Rptr. 101 (Middlesex No. 92-2752, August 11, 1995). But see Clegg v. Butler, Middlesex No. 93-0640, 3 Mass. L. Rptr. 278, January 24, 1995.
That being the case, the award of single damages for loss of use of any wrongfully withheld funds or for other forseeable consequences of an improper failure to pay also determines the amount to be multiplied in the event that any alleged failure in this action is determined to have been knowing or willful. There is, at present at least, no other judgment, actual or potential, on which to base a multiplier in accordance with the command of the 1989 amendment. See generally Bonfiglio v. Commercial Union Insurance Company, 411 Mass. 31, 37-38 (1991).
ORDER
In light of the foregoing, it is hereby ORDERED that defendant’s motion for partial summary judgment should be, and it hereby is, ALLOWED.