HENRY MICKELSON *vs.* SOLOMON SHUSTER & another.

Bristol.     October 29, 1945. — February 27, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Equity Jurisdiction*, One seeking equity must do equity, Trespass. *Mortgage*, Of real estate: foreclosure. *Damages*, For tort.

The plaintiff in a suit in equity, holder by purchase, after foreclosure of a mortgage, of the title to land subject to a right of way in favor of an adjoining owner over a strip along its easterly boundary, was not entitled to a decree requiring the adjoining owner to remove a building from the easterly part of the strip, unless he was willing to restore the way over the entire strip by also tearing down a building on its westerly part, where it appeared that, after the mortgage was given but before the foreclosure, the adjoining owner and the mortgagor had made mutual conveyances in which the mortgagee did not participate, which were for the purposes of extinguishing the right of way

and conveying the easterly part of the strip to the adjoining owner and which were followed by the erection of the building on its easterly part by the adjoining owner and of the building on its westerly part by the mortgagor: demanding equity, the plaintiff must do equity.

A suit in equity, seeking a decree directing removal of a building erected by the defendant on a part of a way over the plaintiff's land after mutual conveyances made by the plaintiff's predecessor in title and the defendant, which were asserted by the plaintiff to have been ineffectual but which purported to extinguish the right of way and to convey to the defendant the part of the way on which the building afterwards was erected, was dismissed where, although it was assumed that the defendant's building unlawfully encroached on the plaintiff's land, the plaintiff in the circumstances was not entitled to a decree for its removal and, the suit being retained for the assessment of damages, no damage to the plaintiff was shown because the value of his property subject to the right of way as it existed before the conveyances did not exceed its value with the title as it would exist after the conveyances.

BILL IN EQUITY, filed in the Superior Court on September 5, 1942.

The case was heard by *Hurley*, J.

In this court the case was submitted on briefs.

*S. Rosenberg*, for the plaintiff.

*F. Vera*, for the defendants.

LUMMUS, J.   This bill in equity was presented to the Superior Court on agreed facts.   Union Street in New Bedford runs east and west, and is crossed by Front Street which runs north and south.   Prior to June 19, 1925, the defendants acquired a rectangular lot of land at the southwesterly corner of those streets, having a northerly frontage of forty-one and seventy-five one hundredths feet on Union Street and an easterly frontage of sixty-six feet on Front Street.   Appurtenant to that lot was a right of way ten feet wide running southerly from Union Street along the westerly boundary line of that lot, over land of one Fowler lying to the west of the defendants' land.

On June 19, 1925, conveyances were made between Fowler and the defendants with the purpose and effect of extinguishing the right of way and vesting in the defendants in fee a strip of land two and one half feet wide to the west of and adjoining the defendants' earlier western boundary.   The remainder, seven and one half feet wide, of the strip previously covered by the right of way, remained the property

of Fowler.[1]   Afterwards both Fowler and the defendants erected new two-story brick buildings on their respective lots, which buildings adjoined each other along the new boundary line.

But, evidently without the knowledge of the defendants, there was a flaw in the title.  In 1923 Fowler had given a mortgage for $6,000 upon his lot as it then existed, subject to the right of way.  In May, 1942, the mortgagee foreclosed that mortgage and upon foreclosure sale gave a deed to the plaintiff's grantor as purchaser, subject to the right of way.  On September 5, 1942, the plaintiff brought this bill to require the defendants to remove that part of their building that encroaches upon his land.  The plaintiff contends that his title is unaffected by the conveyances of June 19, 1925, but he relies upon those conveyances as an extinguishment of the right of way.  By a counterclaim the defendants seek the restoration of the right of way if the plaintiff should obtain the injunction sought.  The judge dismissed both the bill and the counterclaim, and all parties appealed.

We assume that when the plaintiff brought this suit he was entitled to the removal of that part of the defendants' building that encroaches upon his land, on the theory that his title was paramount to the titles created on June 19, 1925.  *Westhampton Reservoir Recreation Corp.* v. *Hodder,* 307 Mass. 288.  *Ferrone* v. *Rossi,* 311 Mass. 591.  *Beaudoin* v. *Sinodinos,* 313 Mass. 511.  *Doody* v. *Spurr,* 315 Mass. 129.  *Goldstein* v. *Beal,* 317 Mass. 750.  But the plaintiff had to accept all the burdensome consequences of his own theory.  He had to disclaim any rights under the deeds of June 19, 1925, and accept the legal situation as it existed when the mortgage was given in 1923.  In order to obtain a strip of land two and one half feet wide in the vacant condition in which he was entitled to it and subject to a right of way, he would be required in all justice and equity to tear down a part of his own building three times as large and

---

[1] Fowler conveyed to the defendants the strip ten feet wide covered by the right of way, for the purpose of merging and destroying the right of way. As a part of the same transaction, the defendants reconveyed to Fowler all but the strip two and one half feet wide to the west of and adjoining the defendants' earlier western boundary.

restore to the defendants an unobstructed right of way over the land covered by that part. He does not ask, and doubtless would not accept, such a Pyrrhic victory. He demands equity, but will do no equity. He is not entitled to draw the sweet out of inconsistent theories, leaving the bitter for the defendants. *Quincy Trust Co.* v. *Woodbury,* 299 Mass. 565, 568. *Bates* v. *Southgate,* 308 Mass. 170, 183. *Boston Five Cents Savings Bank* v. *Brooks,* 309 Mass. 52, 58. The judge rightly refused to lend injunctive aid to such inequity.

But though an injunction was properly denied, the plaintiff is entitled to any damages that he suffered by the loss of his strip of land two and one half feet wide, and those damages ought to be determined in the present suit, as is customary. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 568. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548, 552–553. The measure of his damages is the amount by which the value of his property with the title as it existed prior to June 19, 1925, would exceed the value thereof with the title as it would exist under the conveyances made on that day. Questions of fact as well as questions of law are open for our decision on an appeal in equity. Upon the facts of this case we have no hesitation in assessing the amount of the plaintiff's damages at nothing. His case is worthless.

> *Final decree affirmed, with costs to*
> *the defendants against the plaintiff.*