*Exceptions overruled.*

JAMES R. McMAHON, JR., & others, trustees, *vs.* JAMES F. KRUMRINE & another, trustees, & another.

Barnstable. November 8, 1967. — January 8, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Trespass. Damages*, For trespass.

Where the record in a suit in equity disclosed that a trespasser inadvertently had caused permanent damage to the premises trespassed upon through certain structural encroachments, grading, and destruction of trees, it was reversible error for the trial judge to base a portion of his award of damages "on the value of real estate" and a portion "on the value of the trees" rather than to award as damages the difference in the fair market value of the injured property before and after the injury.

BILL IN EQUITY filed in the Superior Court on December 30, 1965.

The suit was heard by *Ponte, J.*

*Talbot T. Tweedy* for the defendants.

*Charles R. Desmarais* for the plaintiffs.

REARDON, J. This is an appeal from a final decree and from the denial of a motion for a new trial in a suit in equity. The plaintiff trustees of the Bay Head Realty Trust (Bay Head) brought their bill against the defendant trustees of the Bourne Realty Trust (Bourne) seeking injunctive relief and damages from Bourne for certain acts of trespass. The Bourne Housing Authority, which made a taking of Bourne's premises, was joined as a defendant to enable Bay Head to reach and apply, to any damages which might be awarded, monies due from the housing authority to Bourne as a result of the taking. The evidence is reported.

The facts are as follows. Bay Head and Bourne owned adjacent parcels of land in the vicinity of the traffic rotary at the northern end of the Bourne Bridge. Bourne constructed a substantial apartment building on its premises, in the course of which through inadvertence certain structural encroachments were placed on the land of Bay Head. They are described and project over the boundary line of the parties as follows: (a) steps at one end of the building, two and a half feet; (b) a concrete slab, three feet for a distance of sixteen feet; (c) a portion of a swimming pool, three and a half feet for a distance of thirty-six feet; (d) a wooden structure, four feet for a distance of eleven feet; and (e) a fence, three and a half feet for a distance of twenty-four feet. The land of the plaintiffs consists of approximately 151 acres.

In addition, Bourne engaged in regrading an area approximately 50 by 110 feet on land of Bay Head adjacent to the party line by leveling a hill. In so doing Bourne brought approximately 250 yards of fill onto the area, in addition to a number of truckloads of topsoil, and displaced from an approximate 7,000 square foot portion of land of Bay Head about twenty-five yards of earth. This became part of the new grade on the Bay Head premises. The regrading

resulted in an appreciable alteration of the contour of the land of Bay Head. It also resulted in sufficient damage to destroy about twenty oak trees some forty years in age, each measuring about twelve inches in diameter. An expert on trees gave evidence that to replace each tree would cost between $400 and $800 for each such tree. During the trial before a judge, Bay Head waived in open court its prayer for a mandatory injunction compelling removal of the encroachments and sought damages in lieu thereof.

The judge made an award to Bay Head of $19,500 and costs, and at a hearing upon its motion for a final decree and Bourne's motion for a new trial, stated: "A portion of my award of damages of $19,500 was based on the value of real estate. A portion of it was based on the value of the trees, single damages." This was an erroneous view of the true measure of the damages to be applied by virtue of the trespass. The record discloses that Bourne, through inadvertent acts, caused permanent change to a portion of the Bay Head premises, including the destruction of trees. In these circumstances the measure of damages is the difference in the fair market value of the injured property before and after the injury. *Belkus* v. *Brockton,* 282 Mass. 285, 287–288. *Towne* v. *Campanelli,* 346 Mass. 86, 89. See *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5. Our review of what is before us indicates that notwithstanding fairly extensive evidence on various facets of the value of the injured premises, no evidence was taken which would have enabled the trier of fact to arrive at an award applying the measure stated above. Since Bay Head, as indicated by its waiver in court, was not insistent on removal of the encroaching structures, upon retrial any diminution of the value of its property resulting therefrom may be taken into account in applying the measure to which we have made reference. See *Mickelson* v. *Shuster,* 319 Mass. 210.

The decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*