Sherman, P J.
In this ongoing saga between plaintiff-landlord and defendant-tenant, the parties have proceeded through both the Superior Court Department and the Appeals Court to determine the legal validity of their commercial lease. They are now before this Division on the plaintiffs appeal of a judgment for the defendant in the East Boston Division of the District Court Department which rejected the plaintiffs claim for interest on rent withheld by the defendant during the course of the lease litigation.
The district court finding was made solely upon an “Agreed Statement of Facts” submitted by the parties which set forth all material facts in issue and thus constituted a case stated. Quinten Vespa Co. v. Construction Serv. Co., 343 Mass. 547, 551-552 (1962). On appeal of a case stated, an appellate court is required to determine and order the correct judgment on all agreed frets. Foxborough v. Bay State Harness Horse Racing & Breeding Assn., 5 Mass. App. Ct. 613, 615 (1977).
The parties’ case stated indicated, in relevant part
The plaintiff, Louis DeSanctis... is the owner of the premises at 413 Bremen Street, East Boston, Massachusetts (“the Premises”).
The defendant, Labell’s Airport Parking, Inc., (“LAP) has occupied the premises for a number of years under a lease dated October 23,1975 (the “Original Lease”). The original lease term was five years beginning December 1,1975 with an option for an additional five years, which LAP exercised.
The Original Lease providedformonthly rental payments by LAPof$3,000.00 ... and... that in the event LAP held over after the original lease term, it would be liable for rent at the rate in effect immediately prior to the expiration of the term, i.e. $3,000.00 per month.
The Original Lease was to expire on November 30, 1985. Prior to the expiration of the term, DeSanctis delivered to LAP an unexecuted document entitled “Lease Amendment” dated August 5,1985, which had been drafted by DeSanctis’ attorney. The lease amendment provided for a five year extension of the original lease from December 1, 1985 to November 30, 1990 and an *38 increase in the monthly rental from $3,000.00 to $9,000.00. A dispute arose between LAP and DeSanctis over whether the lease amendment was binding on the parties. DeSanctis’ position was that the lease amendment was unenforceable under the Statute of Frauds because he had not signed it LAP’s position was that DeSanctis was estopped from asserting the Statute of Frauds because LAP had incurred expenses and otherwise acted to its detriment in reliance upon DeSanctis’ representations that he would sign the lease amendment.
As a result of this dispute, two actions were filed in the Suffolk Superior Court. The first was a complaint by LAP against DeSanctis by which LAP sought specific enforcement of the lease amendment. The second was a summary process action brought by DeSanctis against LAP. [DeSanctis filed a counterclaim in the original Superior Court action].
The two Superior Court actions were consolidated and after trial, the judge issued Findings of Fact and Conclusions of Law.
Pursuantto said Findings of Fact and Conclusions of Law, judgments in favor ofLAPwere entered in both actions [as well as on the counterclaim] onAugust 13,1986.... [T] he judgment ordered DeSanctis to sign and deliver to LAP the lease amendment dated August5,1985... and dismissed the [summary process action],
DeSanctis appealed the judgments. The Appeals Court affirmed both judgments by a decision dated January 5,1988.
For each of the 26 months during the pendency of the proceedings before the Superior Court and theAppeals Court, LAPpaid DeSanctis$3,000.00permonth rent, the amount provided for in the lease... if LAP held over after the expiration of the lease term. During each of these 26 months, LAP’s attorney sent to DeSanctis’ attorney a letter containing a copy of a check for an additional $6,000.00 payable to DeSanctis. LAP stated that it would release the additional $6,000.00 per month on condition that DeSanctis sign the lease amendment (or in the event judgment entered in favor of LAP in the Superior Court action). DeSanctis refused to sign the lease amendment based on his position that the unexecuted lease amendment was not binding.
DeSanctis signed the lease amendment following the Appeals Court decision affirming the Superior Court judgments. As of March 1,1988, LAP paid DeSanctis the sum of $156,000.00 representing the additional $6,000.00 per month for a 26 month period.
On March 8, 1988, DeSanctis demanded that LAP pay interest on the $156,000.00 or rent retained by LAP for 26 months. ... LAP refused to pay interest.
DeSanctis instituted the present action in November, 1989 to recover interest in the rent under the theories of money had and received, unjust enrichment and account annexed. LAP filed an answer rasing inter alia the defenses of estoppel and res judicata.
The trial judge found for the defendant on all three counts of the plaintiffs complaint, which essentially advanced a single theory of recovery for unjust enrichment.
1. We hold that established principles of prior adjudication effectively bar the plaintiffs present suit for recovery of the interest in question, and that judgment was properly entered for the defendant herein.
Whether denominated traditionally as res judicata, Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. 444, 449 (1982), or characterized in Restatement terms as claim preclusion, McSorley v. Hancock, 11 Mass. App. Ct. 563, 566 (1981), the general rule is that a judgment on the merits by a court of competent jurisdiction will bar the relitigation, in a subsequent suit for the same claim or cause of action between the same parties, of any issues that were or might have been litigated in the first case. *39 Dowd v. Morin, 18 Mass. App. Ct. 786, 793-794 (1984). It is uncontroverted that the prior Superior Court action and present District Court case involve the same parties, and that the Superior Court entered a final judgment after trial which was affinned by the Appeals Court.
It is equally clear that both suits involved the same claim or cause of action. For preclusion purposes, two claims are identical if they “grow out of the same transaction, act or agreement..”, MacKintosh v. Chambers, 285 Mass. 594, 596 (1934), if they rest fundamentally upon common operative facts or if they are established only upon presentation of the same evidence. Bradford v. Richards, 11 Mass. App. Ct. 595, 599 (1981). Defendant LAP’s prior Superior Court action, predicated upon the parties’ lease amendment, sought legal and equitable relief to establish the validity of the amendment as a binding contract between the parties, and to compel DeSanctis’ execution of such lease. The present action arises from the same transaction and agreement; DeSanctis seeks interest on additional rent paid by LAP pursuant to the lease amendment upon DeSanctis’ execution thereof. Neither the plaintiffs reverse position as defendant in the Superior Court proceeding, nor his presentation of unjust enrichment theories of recovery in this action renders inapplicable the preclusive principle of res judicata. “A party cannot avoid the rule by attempting to relitigate a claim from a different posture or in a different procedural form. ’”Dowd v. Morin, supra at 794, quoting from Wright Mach. Corp. v. Saman-Andwall Corp., 364 Mass. 683, 688 (1974). See also, Bradford v. Richards, supra at 598-599.
Given the existence of a single transaction between these parties, it is evident that the issue of interest on accrued, retained rent was or could have been litigated by DeSanctis in the Superior Coin! action. LAP alleged in its prior complaint, and the Superior Court found as a fact, that an additional $6,000.00 per month for 26 months would be payable to DeSanctis upon his execution of the lease amendmenL Any claim by DeSanctis for interest on such rent should have been raised by answer or counterclaim[1] in the Superior Court. like the compulsory counterclaim rule, Dist./ Mun. Cts. R. Civ. P., Rule 13 [see Hadge v. Second Fed. Sav. & Loan Assoc. of Boston, 409 F.2d 1254 (1st Cir. 1979) ], the principle of res judicata embodies the expectation bom of modem liberal joinder mies that “parties who are given the capacity to present their ‘entire controversies’ shall in fact do so.” Bradford v. Richards, supra at 600. See also, Potier v. A. W. Perry, Inc., 286 Mass. 602, 608 (1934).[2]
We reject DeSanctis’ contention that he was not obligated to present or argue any claim for interest on retained rent because such claim would have weakened his argument for eviction or his defense against the validity of the lease. Sandler v. Silk, 292 Mass. 483, 498 (1935). Principles of prior adjudication preclude the splitting of claims arising out of a single transaction. Nor is there any merit to DeSanctis’ position that the issue of interest was not “ripe” until judgment against him was entered and back rent became due. Such claimed interest would have constituted part of DeSanctis’recoveryunder the lease amendment, Peters v. Wallach, 366 Mass. 622, 629 (1975), and, because germane to the consideration of the accrual of a financial *40 obligation, was as pertinent in the Superior Court proceeding as the fully argued issue of amounts of retained rent due. In short, DeSanctis had the capacity, opportunity and obligation to raise his claim for interest on possible rents due at the first trial. The Superior Court judgment now precludes the relitigation of such issue in this subsequent proceeding.
2. Even if the plaintiffs present action were not barred by the prior Superior Court judgment, a finding for defendant LAP herein would still be required. The evidence presented in the parties’ agreed statement of facts does not warrant a recoveiy by the plaintiff on the theory of unjust enrichment.
The plaintiffs claimfor interest on the rent retained by LAP is based on the concept that “thewrongful delay in payment of a sum of money deprives the prospective payee of the use of the money during that period, and that there ought to be compensation for this delay (emphasis supplied).” Trustees of the B&M Corp. v. Massachusetts Bay Transp. Auth., 367 Mass. 57, 65 (1975) and cases cited. It is established that a “person who has been unjustly enriched at the expense of another is required to make restitution to the other.” National Shaumut Bk. v. Fidelity Mut. Life Ins. Co., 318 Mass. 142, 146 (1945) and cases cited, quoting from AM. LAW INST. RESTATEMENT: RESTITUTION, §1.
However, the sine qua non of unjust enrichment is that the defendant has been uniustlv enriched.
Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances are such that, as between the two persons, it is unjust for him to retain it
National Shawmut Bk. v. Fidelity Mut. Life Ins. Co., supra at 146. The term is not descriptive of conduct which, standing alone, would justify an action for recovery. Unjust enrichment is an essentially equitable doctrine requiring proof of some misconduct, fault or culpable action on the part of the defendant as “wrongdoer” which renders his retention of a benefit at the expense of another contrary to equity and good conscience. Providence Elec. Co. v. Sutton Place, Inc., 161 Conn. 242, 287 A2d 379, 381. Unjust enrichment as a restitutionary principle, Boyd v. Jamaica Plain Co-Op Bk., supra at 160, clearly implies that if the defendant must return a benefit to the plaintiff, that the defendant initially received something of value from the plaintiff. 5 CORBIN ON CONTRACTS, §1107 (1964).
The facts in this case establish that, given the manner in which defendant LAP proceeded throughout the course of the parties’ transaction, there is no basis for a characterization of LAP as a wrongdoer herein. Moreover, the interest on the $156,000.00 accrued rent now sought by the plaintiff was neither a benefit conferred by the plaintiff, nor money now held in escrow or otherwise by the defendant. Finally, the delay in payment of the $156,000.00 in rent was in fact not attributable to any misconduct on the part of the defendant, but resulted solely from the plaintiffs own refusal to accept on a monthly basis the additional rent called lor by the parties’ lease amendment In short, the facts of this case do not warrant a finding that the defendant has been unjustly enriched at the plaintiffs expense.
3. There being no error, the trial court’s judgment for the defendant is affirmed. Appeal dismissed.

 We do not imply that DeSanctis’ summary process complaint and counterclaim for eviction, consolidated in the Superior Court, per se barred any subsequent action for rent or interest thereon. G.Lc. 239, §2; Jinwala v. Bizzaro, 24 Mass. App. Ct.1, 7 fn. 4 (1987). The interest claim instead formed part of the transaction put in issue and litigated upon LAP’s complaint.

 Res judicata or claim preclusion is in fact often referred to as the rule against, or principle prohibiting, claim splitting. The rule provides that “‘a valid and final judgment... extinguishes ... all rights of the transaction ... out of which the action arose...’ even though the plaintiff is prepared in the second action to present evidence, grounds or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action.” Boyd v. Jamaica Plain Co-Op Bank, 7 Mass. App. Ct. 153, 163 (1979), quoting from RESTATEMENT (SECOND) OF JUDGMENTS, §6(1) (Tent. Draft No. 51978). See also, Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 251 (1980).