Bernstein, J.
This case has a protracted history before this Court. After a trial in 1990, the plaintiffs prevailed on their complaint which alleged breach of contract, breach of warranty and violations of G.L.c. 93A against co-defendants Brendan Hegarty and Hegarty Construction Co., Inc., arising out of construction work on the plaintiffs’ home done in 1985. The initial trial court awarded $15,000 in damages, which were trebled under G.L.c. 93A, plus $5,000 in attorneys’ fees. The individual defendant, Brendan Hegarty, appealed[4] the issue of his personal liability[5] to this Court which remanded the matter to the initial trial judge to resolve “an inconsistency in the trial judge’s findings, specifically that both the corporate defendant and the individual defendant are liable to the plaintiffs.” (Record Appendix at 269.) The initial trial judge issued a “Memorandum After Remand” on November 22, 1991, in which he found, again, that both defendants were liable to the plaintiffs. Defendant Hegarty appealed to the Appellate Division. The Appellate Division stated on February 12, 1992 in the second sentence of its order that “[tjhere remains an inconsistency in the decision of the trial court finding that both the corporate and individual defendants are liable under M.G.L.c. 93A” and ordered a new trial. (Record Appendix at 274.)
The successor trial judge limited the scope of defendant Hegarty’s re-trial to the role, involvement and culpability, if any, of the defendants on the c. 93A count. (Record Appendix at 256.) After trial the court found the defendant Hegarty personally liable to the plaintiffs and the defendant once again appealed to the Appellate Division.
Based on the successor trial court’s extensive findings and rulings set forth in its memorandum and order, we find that the trial court acted properly in (1) limiting the scope of the defendant Hegarty’s new trial to the issue of liability for damages awarded at his initial trial and (2) imposing personal liability on the defendant. We, therefore, affirm the judgment.
The defendant argues that the order entered by the Appellate Division did not *93 expressly limit the scope of the re-trial. However, as defendant concedes, there was only one issue on appeal, namely, whether the defendant was personally liable for the judgment entered by the initial trial court. We agree that the trial court could infer such limitation by the second sentence of the February 19,1992 Appellate Division order which focused on the issue of liability as between the two defendants, as well as by the procedural posture of this case. (Record Appendix at 274). It is clear that the issue with which this Court was concerned involved that of joint liability.
It is a longstanding principle that a re-trial may be limited “where the error committed in the trial court was of a kind which could be readily separated from the general issues, and applied without injustice to one matter.” Simmons v. Fish, 210 Mass. 563,565 (1912).
Defendants claim that he did not waive any trial issues and consequently was prejudiced by this limitation is without merit. The defendant, by not challenging the trial court’s finding of breach of contract, breach of warranty or the amount of damages, chose to limit the scope of his appeal to the issue of his personal liability. He cannot now claim that he is entitled to a new trial on issues that he did not raise on appeal. Further, in his initial appeal to this Court, the defendant specifically requested a new trial only on the issue of the defendant’s individual liability for the conduct of the corporation. (Defendant’s Appellate Division Brief at 1.) The limitation on the scope of the new trial was not error.
With regard to the defendant’s claim that the trial court erred by finding him personally liable, we affirm the rulings of the trial court.
The trial court based its ruling that defendant was liable on “his individual participation in the cause of action, his individual involvement resulting from his piercing the corporate veil and his liability as a purported agent for the corporation.” (Record Appendix at 259.) The trial court made extensive findings to support each of the bases for liability. On the record before us, we find no reasons to overturn the court’s findings.
“Ignoring the corporate form, or piercing the corporate veil, is an equitable tool that ignores the distinction between shareholders and the corporation in order to prevent injustice or fraud. Considering whether a corporation has been formed or managed contrary to public policy or for fraudulent reasons, which would allow the imposition of personal liability on shareholders is a fact specific question...” Can-Am Drilling & Blasting Co. Inc. v. Intercoastal Development Corp., 1996 Mass. App. Div., n.3. See also, My Bread Baking Co. v. Cumberland Farms Inc., 383 Mass. 614 (1968); Evans v. Multicon Construction Corp., 30 Mass. App. Ct. 728 (1991); Pepsi Cola Metro Bottling Co. v. Checkers, Inc., 754 F.2d 10 (1st Cir. 1985).
Factors to be considered when determining whether to pierce the corporate veil and impose direct liability are: (1) common ownership; (2) pervasive control; (3) confused intermingling of business activity assets or management; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate record; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by dominant shareholders; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud. Pepsi Cola Bottling Co. v. Checkers, Inc., supra, at 14-16.
In the instant case, there are sufficient factors to support disregarding the corporate entity. No shareholder or director meetings were ever held. The individual defendant, Hegarty, made all business decisions; no one else was involved. The company’s contract and letterhead did not employ the words “Corporation” or “Inc.” Brendan Hegarty endorsed the checks “Hegarty Construction.” In addition, a combination of certain other factors in the record support a disregard of the corporate form: Hegarty Construction Co., Inc. swore to the United States Bankruptcy Court under the penalties of perjury that the corporation used no trade *94 names. Although federal income tax returns were filed from 1983 through 1989 in the name of “Hegarty Construction, Inc.”, no employee salaries or wages were ever declared. The business workers’ compensation insurance policy was subscribed by Mr. Hegarty as an individual. (Record Appendix at 257.) Thus, on those facts, the trial court could properly find that the defendant was personally liable on the contract. Consequently, the record also supports the defendant’s liability based on the G.L.c. 93A claim as well.
Since we find the defendant liable by way of piercing the corporate veil, we need not discuss in detail the issue of whether defendant Hegarty acted as an undisclosed agent of the corporation. We find that the record also supports the defendant’s liability based on his direct involvement acting as an agent for an undisclosed principal.
Finally, the defendant’s contention that the agency theory and the theory of piercing the corporate veil were not properly before the court because the plaintiffs failed to state them in the complaint ignores current practice that there is no requirement that a complaint state a substantive theory of the case. Whitinsville Plaza v. Kotseas, 378 Mass. 85 (1979); DiTommasso v. Laliberte, 9 Mass. App. Ct 890 (1980).
The judgment is affirmed.

The corporate defendant did not appeal and subsequently filed for protection of the bankruptcy court.

Defendant Hegarty did not appeal the issue of sufficiency of the evidence on each count of the complaint and thus that issue was not before the Appellate Division.