Minehan, J.
Plaintiffs appeal an award of nominal damages on their claims for trespass and conversion arising out of an enlargement of burial space within a cemetery
Plaintiffs, Phyllis B. Horvitz (Horvitz), Jose M. Mateus and Adalgiza M. Mateus (Mateus), owned adjoining plots of land. The westerly side of each property abutted the cemetery. In 1994, St. John the Baptist Church Corporation (St. John) decided to expand its property to increase the burial capacity of its cemetery. The expansion involved landscaping along the westerly side of the plaintiffs’ property. The trial judge found that the landscaping company, J. R. D., Inc. 0- R- D.), committed a trespass when it entered upon the plaintiffs’ land. With regard to Hor-vitz’s claim for conversion, the trial judge found defendant liable for removing a concrete slab wall which was owned by Horvitz. Nominal damages of one dollar ($1.00) were entered on each count of trespass and on one count of conversion.
We find no error in the trial court’s decision.
The plaintiffs assert that the trial judge erred in applying the measure of damages as stated in defendants’ Request for Ruling #7. In that ruling, the Court found, as a matter of law, that damages are properly measured by the fair market value of the timber which has been wrongfully cut or the diminution in value of the property as a result of the cutting.
Plaintiffs also state that the trial court erred ruling on plaintiffs’ Requests for Rulings #16 and 17, which were denied requests for findings of fact. Citing Belkus v. Brockton, 282 Mass. 285, plaintiffs assert that the damages are properly calculated as the replacement cost of the trees, if such replacement cost is less than the diminution in value.
We disagree with the plaintiffs’ assertions of error. In a factually similar case, the Supreme Judicial Court held that the true measure of damages to be applied where the loss is permanent is the difference between the fair market value of the injured property before and after the injury. McMahon v. Krumrine, 353 Mass. 511, 513 (1968).
Plaintiffs argue that it was error for the trial court to award nominal damages. However, the record supports the judge’s factual finding that, while a technical trespass had occurred, it created no real pecuniary loss to the plaintiffs. As a result, the trial court properly awarded plaintiff nominal damages in the amount of one dollar ($1.00) each. Further, plaintiffs failed to request rulings on the issue of *144 the sufficiency of evidence of damages, and thereby failed to preserve the issue for appeal.
The plaintiff asserts that the trial court erred in excluding Phyllis Horvitz from testifying as to the diminished value of the property. However, the record reflects that the trial court allowed the plaintiff to testify as to the value of her land. Plaintiff Horvitz testified that prior to the removal of the trees, the property was worth one hundred six thousand dollars ($106,000). However, the court sustained the objection with regard to her sufficiency of knowledge as to the diminished value of her property. The objection was sustained immediately following Horvitz’s testimony that she had no knowledge of the property values in her neighborhood.
An owner that is familiar with his property is generally competent to testify to the value of his property. Von Henneberg v. Generazio, 403 Mass. 519, 524 (1988). It is also accepted, however, that whether a person has sufficient knowledge to testify is a matter of discretion for the trial judge. ‘There may be cases where the decision of the trial judge is plainly erroneous and must be reversed. (Citations omitted). But such cases are rare.” Rubin v. Town of Arlington, 327 Mass. 382, 384-385 (1951). Although in this case, plaintiffs’ counsel made an offer of proof that Horvitz would testify that it was her opinion that the diminished value of her property was one hundred thousand dollars ($100,000), such an offer was insufficient. The plaintiffs’ attorney merely articulated a conclusion without a foundation. “It was the duty of the party offering the witness to show these facts; if the ... judge thought the witness not competent to give an opinion, and having wholly omitted to do so, no exception lies to the ruling of the court.” Flint v. Flint, 88 Mass. 37 (1863).
Judgment of the trial court is affirmed.