Crimmins, J.
This is an action to recover a $20,000 deposit paid by the plaintiff to the defendants. At trial the judge found the defendants to be personally liable to the plaintiff for the $20,000. Defendants appeal this decision according to Dist./ Mun. Cts. R. A. D. A, Rule 8C, arguing that there was insufficient evidence presented at trial to hold the defendants personally liable. We find that there was no error.
1. None of the appellants' requests for rulings are directed at the question of whether or not there was sufficient evidence to warrant a finding that the corporate veil might be “pierced” (or more prosaically, the corporate entities disregarded). In the absence of such requests it is clear that the sufficiency of the evidence to support such a factual determination is not preserved for appeal. Horvitz v. St. John the Baptist Ch. Corp., 1998 Mass. App. Div. 143, 144. Generally, the appellate courts do not consider issues raised for the first time on appeal. New England Merchants National Bank v. Griswold, 38 Mass. 822, 825, n.5 (1982). However, this case bears many of the indicia which support disregarding the corporate entity. “Ignoring the corporate form, or piercing the corporate veil, is an equitable tool that ignores the distinction between shareholders and the corporation in order to prevent injustices or fraud. Considering whether a corporation has been formed or managed contrary to public policy or for fraudulent reasons, which would allow the imposition of personal liability on shareholders, is a fact specific question.” (Emphasis supplied). Strong v. Hegarty, 1996 Mass. App. Div. 92, 93; see also Mount v. Bay Park Development, Inc., 1998 Mass. App. Div. 15, 16-18. Because this was a fact specific inquiry and the sufficiency of the evidence was not addressed in the defendants’ requests for rulings it is not an issue open on appeal. Horvitz v. St. John the Baptist Ch. Corp., 1998 Mass. App. Div. 143, 144.
This being said, we note that the judge was well within his discretion to find the defendants personally liable to the plaintiff for the return of the $20,000 deposit. The majority of the correspondence was on letterhead or contained the name of “On the Level, Co.” This would understandably lead the plaintiff to conclude that he was dealing with a company, not a corporation. See G.L.c. 156B, §11 (corporations must have a name which indicates that they are incorporated). The fax cover sheets, the three page typewritten explanation of the work proposal, and the Field Coordination Summary contain only the name of On the Level, Co. In fact, in the last paragraph of the typewritten letter sent to the plaintiff by Brian Florence dated *293 October 10, 1996 Brian Florence states, “Thank you for considering On the Level Co. for these renovations.” Although there was ample evidence warranting a finding that the corporation, Cape Level, Inc., was the party liable, no such finding was required. There is no judicial admission or other testimony by which plaintiff would be bound to seek his remedy from the corporation, rather than the Flo-rences as individuals. The judge was not required to find that the corporation, as opposed to the individuals, were liable. His determination that the Florences were individually liable cannot be pronounced as “clearly erroneous.” LaLonde v. LaLonde, 30 Mass. App. Ct. 117, 119 (1991).
Defendants contend that an oral contract existed between the parties. Assuming that such a contract existed would not change the outcome of this case. Even if one were to accept the defendants’ contention that a contract came into existence by virtue of the exchange of correspondence and the payment and acceptance of the deposit, it is clear that the defendants did little or nothing under the supposed contract to “earn,” let alone retain, the $20,000. There was no liquidated damages clause permitting the defendants to retain the deposit in the event of a default. Even if there were such a clause, we would be hard pressed to sustain such a clause as a valid liquidated damage provision where the disparity between the actual damages and the deposit was so great. See Begelfer v. Najarian, 38 Mass. 177, 186 (1980). Further, even if a valid contract existed, the remedy of restitution would require the defendants to return the $20,000 to the plaintiff. Restitution is a remedy having an equitable character and is often used to prevent unjust enrichment. See DeSanctis v. Labell’s Airport Parking, Inc., 1991 Mass. App. Div. 37, 40. “Unjust enrichment is an essentially equitable doctrine requiring proof of some misconduct, fault or culpable action on the part of the defendant as “wrongdoer’ which renders his retention of a benefit at the expense of another contrary to equity and good conscience.” Id. In the current action, the defendants retained the plaintiff’s $20,000 deposit and did little or no work. In absence of a valid liquidated damages clause or evidence of actual damage to the defendants, restitution of the $20,000 would be the appropriate remedy if an oral contract did in fact exist.
For all of the above reasons, the decision of the trial judge is affirmed and the appeal is dismissed.
So ordered.