Wright, J.
This is an action to recover for the defendant’s G.L.c. 93A unfair and deceptive practices, fraud and deceit in connection with its sale to the plaintiff of a used car with substantial defects and a false odometer reading. After a lengthy trial, judgment was entered for the plaintiff in the amount of treble damages totaling $21,597.00, plus interest, costs and $10,000.00 in attorney’s fees.
The sole contention presented by the defendant on this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal is that it was denied its constitutional right to a fair and impartial trial because of the trial judge’s personal bias and prejudice against the defendant and all used car dealers. At best, the appeal borders on the frivolous.
1. The gravamen of the appeal is defendant counsel’s claim that at a pretrial lobby conference, the trial judge “made it clear that he was highly suspect of all used car sales companies.” The quotation is from the defendant’s brief, and is merely counsel’s paraphrasing of the tenor of alleged remarks by the judge. The record is devoid of any precise, or even attempted, “quotation” of any specific statements. The lobby conference was unrecorded. No affidavit by defendant’s counsel has ever been filed. Plaintiffs counsel, who was also present at the lobby conference, “vehemently denies” that the judge made any comments bespeaking any bias or prejudice against the defendant.[1]
*130 Given the state of the record, the defendant’s claim about lobby conference remarks by the judge “at least for purposes of review, is entirely without merit” MacCuish v. Volkswagenwerk A.G., 22 Mass. App. Ct. 380, 391-392 (1986). See also Foley v. Foley, 27 Mass. App. Ct. 221, 222 (1989). The defendant has failed to sustain its burden as appellant of providing this Division with a record of the alleged bias or abuse of discretion which forms the very basis of its appeal. See generally, as to appellant’s burden, Buckmore v. Czelusniak Funeral Home, Inc., 427 Mass. 1013 (1998); Kurker v. National Grange Ins. Co., 1988 Mass. App. Div. 182, 184.
2. In addition to the absence of an affidavit by defendant’s counsel, we note the omission of any written motion for recusal prior to trial, or of an oral motion on the specific grounds of the judge’s alleged personal bias.[2] ‘The absence of such a motion... is a factor to be considered in assessing the validity and genuineness of a losing party’s later claim of bias.” Bui v. Vazquez, 1999 Mass. App. Div. 5, 6. See also Poly v. Moylen, 423 Mass. 141, 150 (1996). The issue of personal bias was not specifically directed to the court until after judgment when the defendant filed its motion for a new trial. The motion was addressed solely to the trial judge’s discretion. Wornat Develop. Corp. v. Vakalis, 403 Mass. 340, 349 (1988), and we conclude that the denial of the motion entailed no abuse of judicial discretion. As the trial judge aptly noted in his motion ruling, “the credible testimony and exhibits doomed defendant’s case not any prejudice by the court.”[3]
None of the selected portions of the transcript emphasized by the defendant support its charge of judicial bias herein. Indeed, much of what the defendant argues is based on misstatements of the record, or on an apparent misunderstanding of the fundamental dynamics of a bench trial. As an example of the former, the defendant quotes out of context the judge’s statement to plaintiffs counsel that he “can do whatever you want. I don’t care.” Contrary to the defendant’s insinuation, the statement was not an expression of a general bias against the defendant and in favor of the plaintiff, but was nothing more than the judge’s response to the plaintiffs request to call his witnesses out of order. Similarly, the defendant argues that the judge “short-circuited” defendant counsel’s review at the end of trial of the plaintiffs request for attorney’s fees and supporting affidavit. The record estab *131 lishes, however, that the judge made several offers to defendant’s counsel to comment on both the amount of the plaintiffs request and the appropriateness of G.L.c. 93A attorney’s fees, and advised counsel at one point that if he wanted “to take more time today to look it [plaintiffs affidavit] over, then feel free to do so.” Counsel declined.
The defendant also complains that the judge “harassed” his counsel and interrupted his questioning of witnesses. The record instead reveals that the judge’s “interruptions” were in fact measured interventions in cross-examinations which were often rambling and unfocused, and at some points so uncontrolled that the witnesses were asking counsel questions. As in the instant case, a trial judge may properly discharge his duty to direct the course of trial, Commonwealth v. Campbell, 371 Mass. 40, 41 (1976); Turesky v. Carp, 1993 Mass. App. Div. 141, 143, by asking limited questions which clarify a point, question or answer, focus the examination of witnesses, narrow the issues, develop reliable testimony, or simply move the proceedings along. See Commonwealth v. Maranziello, 410 Mass. 452, 461 (1991); Commonwealth v.Fitzgerald, 380 Mass. 840, 846 (1980); Commonwealth v. Meadows, 33 Mass. App. Ct. 534, 540 (1992); Griffith v. Griffith, 24 Mass. App. Ct. 943, 945 (1987).
Equally devoid of merit are the defendant’s contentions that the judge ignored the defendant’s evidence and made findings and rulings adverse to it.[4] It is elementary that “the mere fact that a party suffers adverse rulings during litigation does not establish lack of judicial impartiality.” Clark v. Clark, 47 Mass. App. Ct. 737, 739 (1999). Moreover, the judge was the arbiter of the weight and credibility of the conflicting evidence presented at trial, Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997); Chester v. Medford, 1994 Mass. App. Div. 69, 70, and he would not have been required to accept the defendant’s evidence even if it had been uncon-tradicted. In the Matter of Saab, 406 Mass. 315, 328-329 (1989). The contrary documentary evidence and testimony offered by the plaintiff provided ample support for the trial court’s findings and rulings against the defendant in this case. In short, the fact that the judge rejected the defendant’s evidence does not mean that he improperly ignored it.
3. Accordingly, the trial court’s denial of the defendant’s motion for a new trial is affirmed. Given the trial court’s finding for the plaintiff on his G.L.c. 93A claim and in the exercise of our discretion, Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985), we deem an award of appellate attorney’s fees to the plaintiff to be appropriate. The trial judge is hereby authorized to make that award upon motion *132 by the plaintiff. The plaintiff is also entitled to the full costs of this appeal pursuant to Dist/Mun. Cts. R. A. D. A., Rule 26, to be assessed by the trial court clerk.
So ordered.

 Based on our review of the entire trial transcript, which is devoid of any evidence of judicial bias, we find persuasive the more balanced account of the lobby conference offered by plaintiff’s counsel. He states that the judge made “comments about both parties’ pre-trial positions in his attempt to ‘mediate’ the case during the lobby conference. Such statements were not made in predisposition of any matters, but rather were made in the spirit of mediation. The statements did not favor either party, and gave both parties things to think about in deciding on trying to settle the case.” We note that this type of judicial comment during a pretrial conference is “not improper and [does] not support a claim of bias.” Harris v. Board of Trustees of State Colleges, 405 Mass. 515, 528 (1989), citing Perez v.Boston Hous. Auth., 379 Mass. 703, 740-741 (1980).

 At the commencement of trial, the defendant made a verbal “request [for] a motion to recuse based on the lobby conference....” No reference was made to the judge’s alleged individual bias or pretrial remarks. The trial judge reasonably concluded that counsel’s vague request was based solely on the fact that a settlement conference had been held and the issues had been explored before trial. Counsel appeared to confirm the judge’s interpretation of his oral motion by stating: “But, the bottom line is, you know, after 45 minutes of discussing the matter in terms of the liability potential and also the damages, it does raise an issue.” The trial judge denied the motion, reminding counsel that it was the defendant who had requested the conference. Obviously, information about the case acquired in a pretrial conference would not disqualify a judge from presiding at trial. Commonwealth v. Clerico, 35 Mass. App. Ct. 407, 415 (1993). It is only prejudicial information obtained from an extrajudicial source would which would warrant recusal. See Haddad v. Gonzalez, 410 Mass. 855, 863-864 (1991); in any event, the trial judge noted in his denial of the defendanf s new trial motion that no facts were alleged at the pretrial conference which were not covered by testimony and exhibits at trial.

 It may be inferred from the judge’s ruling that he determined that he had no “disabling bias” against the defendant at trial, and that there was no basis for reasonably questioning his impartiality. Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 13 (1997). See also Fidelity Mgt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 202 (1996).

 It is essential to note that the defendant failed to file either a Mass. R. Civ. P., Rule 64A(b)(l), request for ruling of law to obtain the court’s ruling that the defendant’s evidence would have warranted a finding in its favor, see Back Bay Travel Agency, Inc. v. Bennett, 1999 Mass. App. Div. 137, 138, or any Rule 64A(a) requests setting forth correct propositions of law governing those issues of liability and damages which the defendant now implies the judge erroneously decided. See Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251. The defendant is thus not entitled on this appeal to a review on the merits of issues which it neglected to preserve for appeal. Moreover, the defendant’s brief is limited exclusively to the issue of judicial prejudice. See Dist./Mun. Cts. R. A. D. A., Rule 16(a)(4). In any event, the defendant’s passing allegations of error appear unfounded in fact or law. For example, contrary to the defendant’s contention, it is unnecessary to prove intentional fraud to recover G.L.c. 93A attorney’s fees. Such fees are mandated upon proof of any unfair or deceptive act violative of that statute. McGrath v. Mishara, 386 Mass. 74, 87 (1982); Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121, 123 (1980). The evidence in this case also warranted a finding of intentional fraud or deceit.