Merrick, EJ.
This is an action to recover for injuries sustained by plaintiff Jeffrey Magnaghi when he was attacked and stabbed in an altercation with an individual at the defendants’ gas station. The plaintiffs alleged that the attack resulted from the negligent provision of security at the station by the defendant owner and operator. Judgment for the defendants was entered after a bench trial, and the plaintiffs appealed pursuant to Dist/Mun. Cts. R A D. A, Rule 8C.
The trial judge made findings of fact and ruled on the plaintiffs’ requests for rulings of law. The judge found that Jeffrey Magnaghi’s assailant and another individual had been loitering on the premises and bothering patrons for some time; and that the defendants’ attendant, stationed behind a plexiglass shield, had twice called the police before the incident, without response. The judge’s rulings acknowledged that the owner or operator of premises, having notice of a danger of violence from third persons against persons lawfully on the premises, has a duty to exercise “the highest degree of care in anticipation and prevention of violence by other patrons and even strangers as is consistent with the nature and operation of the business.” Kane v. Fields Corner Grille, Inc., 341 Mass. 640, 641-642 (1961).
On the issue of proximate cause, the trial judge allowed plaintiffs’ requests for rulings of law numbers 9,11 and 12, which stated:
9. Proximate Cause - The requirement of proximate cause is satisfied if you (sic) find that the ‘negligence of the defendants was a substantial factor in bringing about the harm to the plaintiff.’ (citation omitted)
11. Proximate Cause - It is not necessary that the defendants could have foreseen the precise manner in which injuries to Jeffrey Magnaghi were inflicted, nor the severity of the injuries. It is enough that his injuries now appear to have been a natural and probable consequence of the defendants’ conduct, that is, that the defendants should have realized that there was preventable real danger to persons lawfully on the premises, taking into account the totality of the circumstances, (citations omitted)
12. Proximate Cause - The intervening criminal act of a third party does not excuse the first wrongdoer if such act was, or would have been *20 foreseen [citations omitted].
The plaintiffs argue on this appeal that while the trial judge allowed these requests for rulings on principles of proximate cause, the judge failed to apply the principles correctly to the particular fact pattern in this case which involved the criminal acts of a third party. The plaintiffs base their argument on the judge’s denial of their requested ruling of law number 10, which stated:
10. Proximate Cause - Defendant’s negligence is a proximate cause of the plaintiff’s injuries if, construing the evidence most favorably to the plaintiff, ‘anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn.’ Flood v. Southland Corp., 33 Mass. App. Ct. 287 (1992).
There was no error in the denial of plaintiffs’ request number 10. The request incompletely quotes language from Flood v. Southland Corp., which did involve a claim for negligent provision of security against a convenience store after an attack by a third party. In Flood, however, there was a jury verdict for the plaintiff and the defendant appealed, inter alia, the denial of its motions for a directed verdict Addressing the denial of those motions, the Court stated:
The jury’s finding that Southland’s negligence was a proximate cause of Flood’s injuries must be upheld if, construing the evidence most favorably to Flood, ‘anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.’
Flood v. Southland Corp., supra at 296-297, aff’d 416 Mass. 62 (1993). Thus plain-tiffe’ request for ruling of law number 10 improperly set forth the directed verdict standard, see Martignetti v. HaighFarr, Inc., 425 Mass. 294, 304 (1997); Goldbaum v. Weiss, 50 Mass. App. Ct. 554, 559 (2000), and not a rule to be applied by the trial judge in assessing tire weight and credibility of a plaintiff’s evidence on the issue of proximate cause. Contrary to the plaintiffs’ contention, the trial judge was certainly not required, as the trier of fact to construe the evidence in the light most favorable to them. See generally, Porter v. Metrowest Automotive Resources, Inc., 2000 Mass. App. Div. 129, 131; Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. The plaintiffs’ request for ruling of law number 10 was, therefore, properly denied as a misstatement of applicable law. The trial judge demonstrated his grasp of governing principles in allowing the plaintiffs’ correct requests on the issue of proximate cause (nos. 9,11 and 12).
There being no error, the trial courts judgment is affirmed. Appeal dismissed.
So ordered.