Cote, J.
This is a Dist/Mun. Cts. R. A. D. A, Rule 8C, appeal on the record of proceedings. The plaintiff attorney brought this action against his former client to recover $13,601.37 in unpaid legal fees under the terms of a professional services agreement Following a bench trial, a general finding was entered against the self-represented defendant, and the plaintiff was awarded $7,500.00 in damages. On appeal, the plaintiff contends that the trial judge’s award of only a portion of the damages he sought constituted an error of law. For the reasons stated below, the plaintiff’s appeal is dismissed.
First, the plaintiff did not file a timely notice of appeal. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 4(a), a notice of appeal must be filed within 10 days after entry of judgment.[1] Upon a showing of excusable neglect or other good cause, a court may grant a motion to file the notice of appeal late.[2] Judgment was entered in this case on January 15,2008. On February 2,2008,17 days later, the plaintiff filed his notice of appeal without first obtaining the courf s permission for his late filing. The plaintiff’s “failure to file a timely notice of appeal within the ten day period prescribed by Rule 4(a) was a serious misstep requiring the dismissal of this appeal.” Sarnia v. D'Annunzio, 2001 Mass. App. Div. 31, 32. See also MacLeod v. Dizazzo, 2001 Mass. App. Div. 128, 129; Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77.
Second, the plaintiff faded to preserve any issues of law for appellate consideration. Because the trial of this action was held prior to the effective date of the recent amendment of Mass. R. Civ. R, Rule 52, and the repeal of Mass. R. Civ. R, Rule 64A,[3] *250 the plaintiff was required to file requests for rulings of law to preserve his right of appeal. “Appellate review is strictly confined to consideration of issues of law appropriately raised in the trial court and preserved for appeal.” Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, citing Chadwick v. Desroches, 333 Mass. 768 (1955), and Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952). The plaintiff effectively waived appellate consideration of the issues he argues on this appeal by failing to file requests for rulings of law testing the sufficiency of the evidence to permit or require an award of the full damages he sought, or explicating principles of contract or damages law relevant to his claim. Porter v. Metrowest Automotive Resources, Inc., 2000 Mass. App. Div. 129, 131 n.4; Horvitz v. St. John the Baptist Church Corp., 1998 Mass. App. Div. 143, 144; Montello v. Smith, 1992 Mass. App. Div. 244, 247 n.2.
Finally, the plaintiff has improperly presented a Dist./Mun. Cts. R.A.D.A, Rule 8C(e) “statement of the evidence” on this appeal.[4] Such a statement may be utilized in place of a trial transcript only when a transcript cannot be obtained. See 402 Rindge Corp. v. Tsao, 2002 Mass. App. Div. 30, 31 n.3 (defective courtroom audio tape prevented transcript preparation). Further, the plaintiffs statement of the evidence was never approved by the trial judge,[5] and could not, therefore, serve as a substitute for the trial transcript.
Appeal dismissed.
So ordered.

 ‘The notice of appeal required by Rule 3, together with the required filing fee, shall be filed with the clerk of the trial court within ten days after the entry of the judgment in the case being appealed.” Dist./Mun. Cts. R. A. D. A., Rule 4(a).

 “Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule.” Dist/Mun. Cts. R. A. D. A, Rule 4(c). See also Dist/Mun. Cts. R. A D. A, Rule 14(b).

 The Mass. R. Civ. R amendments, effective March 1,2008, repealed Mass. R. Civ. R, Rule 64A, which had required requests for rulings of law in order to preserve a right of appeal, and amended Mass. R. Civ. R, Rule 52(c) to require district court judges to make findings of fact upon request by a party.

 Rule 8C(e) states: “If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within thirty days after the Appeal on the Record of Proceedings is filed, file a statement of the evidence or proceedings from the best available means, including his or her recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the trial court for settlement and approval and as settled and approved shall be included... in the appellant’s appendix to the brief.”

 The defendant’s response to the plaintiff’s statement of the evidence was struck by another judge.